IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JETHRO COOPER on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § | Civil Action No. |
| Plaintiffs, | § § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| THE TERMINIX INTERNATIONAL COMPANY, LP and TERMINIX INTERNATIONAL, INC. its General Partner. | § § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Terminix International Company, LP and Terminix International, Inc. (herein after collectively referred to as "Terminix" and or Defendants) do not pay their Pest Control Technicians overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Terminix pays its Pest Control Technicians a salary, not time and a half, for all hours worked over forty (40), in a regular work week. Because these workers are nonexempt employees under the FLSA, Jethro Cooper, and the other Pest Control Technicians are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. Terminix has a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half for hours worked above forty (40) per week.

3. Terminex has a policy of failing to compensate its Pest Control Technicians at least the minimum wage for every hour worked. Its Pest Control Technicians work numerous "off the clock" hours performing services for Terminex at Terminex's direction and insistence, but they are not compensated for the off the clock hours worked.

4. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

6. To be clear, this complaint and the allegations contained herein are of the conduct of Defendants Terminix who maintained a uniform pay policy denying overtime wages and minimum wage to its Pest Control Technicians.

7. Defendants Terminix employed Plaintiff and putative class members at its Houston, Texas locations and other locations throughout the state of Texas and the United States.

8. Defendants managed Plaintiff and putative class members throughout the course and scope of their employment.

9. Putative class members are all similarly situated Pest Control Technicians who were hired and worked at Terminix and were paid a salary instead of time and a half for hours worked above forty (40) per week and not paid for off the clock work performed during the past three years.

### JURISDICTION AND VENUE

10. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue is proper because Defendants have locations in the Southern District of Texas and a substantial portion of the events forming the basis for this suit occurred in the Southern District of Texas.

PARTIES

12. Jethro Cooper, Plaintiff, resides in Harris County, Texas and worked for Terminix as a Pest Control Technician. His written consent is attached.

13. Defendant Terminix International Company, LP is a Delaware Limited Partnership, doing business at locations throughout Texas. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136

14. Defendant Terminix International, Inc. is a Deleware Corporation and the general partner of the Terminix International Company, LP. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136

15. Plaintiff was hired and employed by Terminix at its location at 100 E. Nasa Parkway, #201, Webster, Harris County, Texas, one of several Houston, Texas area locations. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

16. The "FLSA Class Members" are all Pest Control Technicians who were hired and employed by Terminix at all locations throughout the United States, who were not being paid time and a half for overtime hours worked and were denied minimum wage in the last 3 years.

FACTS

17. Plaintiff, Jethro Cooper is an employee of Terminix. at 100 E. Nasa Parkway, #201, Webster, Texas.

18. Defendants Terminix are engaged in the business of providing termite and other pest control services to residential and commercial customers in the greater Houston area and throughout Texas and the United States.

19. Plaintiff worked as a Pest Control Technician for Defendants from October 2003 until the present time.

20. Plaintiff's primary job duty was to provide pest control treatments in residential homes for clients of Terminix.

3

21. Plaintiff was not an independent contractor.

22. No exemption to the provisions of the FLSA excused Defendants from their obligations under the FLSA to pay Plaintiff time and a half for all the hours worked over forty (40), in a regular work week, while employed by Defendants.

23. No exemption to the provisions of the FLSA excused Defendants from their obligations under the FLSA to pay Plaintiff at least minimum wage for the off the clock hours he worked

24. Terminix paid Plaintiff Jethro Cooper a salary and did not compensate him for the hours he worked above forty (40) during his employment with Defendant.

25. Plaintiff was a manual laborer who performed work involving repetitive operations with his hands, physical skill and energy.

26. Plaintiff and similarly situated individuals are "blue collar workers," not "white collar workers" as the term is defined under Section 13(a)(1) of the FLSA.

27. Plaintiff and similarly situated individuals do not meet the FLSA Part 541 exemptions because they perform manual labor and therefore do not meet the duties test.

28. Plaintiff's primary duty was providing pest control services such as spraying chemicals, and laying traps to exterminate insects and rodents for customers of Defendants.

29. Making sales was not Plaintiffs primary duty.

30. Obtaining orders or contracts for services was not Plaintiff's primary duty.

31. Plaintiff received a commission based on the number of homes or businesses he serviced, not based on sales.

32. The work performed by Plaintiff was an integral and essential part of the services provided for Defendants' customers.

33. Defendants relied upon its Pest Control Technicians to perform this work for its customers.

34. Defendant Terminix determined where its Pest Control Technicians worked and how they performed their duties.

35. Terminix hired, fired and supervised their Pest Control Technicians

4

36. Defendants set the Pest Control Technicians' hours and requires them to report to work on time and leave when they have completed their assigned work.

37. Terminix Pest Control Technicians at all locations work exclusively for Terminix since they work between 60-70 hours a week and as a practical matter, they cannot work anywhere else.

38. Pest Control Technicians are not permitted to hire other workers to perform their jobs for them.

39. Pest Control Technicians do not employ staff, nor do they maintain independent places of business.

40. Pest Control Technicians cannot earn a "profit" by exercising managerial skill, and their hours and assignments are determined by Terminix.

41. Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them a salary and did not pay them time and a half for the overtime hours that they worked nor did defendants pay them for the off the clock hours they worked.

42. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

43. In addition to Jethro Cooper, Defendant employed approximately ten (10) Pest Control Technicians at the location where Plaintiff worked and numerous others at locations in Texas and throughout the United States. These Pest Control Technicians worked over forty hours per week and were paid a salary instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected the same unlawful pay policies. The FLSA Class Members are similarly situated to Jethro Cooper.

44. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Pest Control Technicians at any Terminix location in the United States, who performed work while receiving a salary and were not paid time and a half for overtime hours worked in the last three years.**

5

## CAUSE OF ACTION – VIOLATION OF THE FLSA

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Terminix violated the overtime provisions of the FLSA, 29 U.S.C. §207.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

48. Terminix Defendants owe Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

49. Terminix knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

50. Defendants Terminix, as part of their regular business practices, have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

51. Terminix owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

52. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

53. Plaintiff JETHRO COOPER, on behalf of himself and all other similarly situated employees make a formal demand for jury trial in this matter.

## PRAYER

54. For these reasons, Plaintiff and Putative Class Members respectfully request that judgment be entered in their favor and the following relief be awarded :

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**Of Counsel**

LAW OFFICE OF LAUREN M. SERPER, P.C.
By: /s/ Lauren M. Serper
   LAUREN M. SERPER
Federal ID No. 7334
Texas State Bar No. 18032100
3405 Edloe Street, Suite 200
Houston, Texas 77027
Phone: (713) 278-9398
Facsimile: (713) 785-0808
LOLMS1@aol.com
laurenserper@gmail.com

**ATTORNEYS FOR PLAINTIFFS**